**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| The Estate of Larry Berry, Jr., Deceased, by and through his parents and legal representatives, Larry Berry, Sr. and Shirley Berry; and Shirley Berry, Individually and as Administratrix of the Estate of Larry Berry, Jr., 104 Laurel Acres Road Milford, Pennsylvania 18337 | : : : : : : : | CIVIL ACTION - LAW |
| Plaintiffs | : : : | |
| -vs.- | : : | |
| Eastern Pike Regional Police Department 10 Avenue I Matamoras, Pennsylvania 18336 | : : : : | |
| Eastern Pike Regional Police Commission 10 Avenue I Matamoras, Pennsylvania 18336 | : : : : | |
| Police Chief Chad Stewart 10 Avenue I Matamoras, Pennsylvania 18336 Individually and in his official capacity as a member of the Eastern Pike Regional Police Department | : : : : : : | |
| Assistant Police Chief Eric Stewart 10 Avenue I Matamoras, Pennsylvania 18336 Individually and in his official capacity as a member of the Eastern Pike Regional Police Department | : : : : : : | |
| Matamoras Borough 10 Avenue I Matamoras, Pennsylvania 18336 | : : : : | JURY TRIAL DEMANDED |
| Westfall Township 102 La Barr Lane P.O. Box 247 Matamoras, Pennsylvania 18336 | : : : : : | |
| Patrolman Kevin Nearing | : | |

Eastern Pike Regional Police Department   :
10 Avenue I   :
Matamoras, Pennsylvania 18336   :
Individually and in their official capacity as :
members of the Eastern Pike Regional Police :
Department   :
   :
Patrolman Salvatore Gattuso   :
Eastern Pike Regional Police Department  :
10 Avenue I   :
Matamoras, Pennsylvania 18336   :
Individually and in their official capacity as :
members of the Eastern Pike Regional Police :
Department   :
   :
Sgt. David Zegarski   :
Eastern Pike Regional Police Department  :
10 Avenue I   :
Matamoras, Pennsylvania 18336   :
Individually and in their official capacity as :
members of the Eastern Pike Regional Police :
Department   :
   :
Patrolman John Doe I   :
Eastern Pike Regional Police Department  :
10 Avenue I   :
Matamoras, Pennsylvania 18336   :
Individually and in their official capacity as :
members of the Eastern Pike Regional Police :
Department   :
   :
Westfall Township Volunteer Fire Department, Inc. :
101 Mountain Avenue   :
Westfall Township, Pennsylvania 18336  :
   :
Catherine Southard, Joseph Modera, William :
Koferl, Kraig Meyer & Howard Vobis, Individually :
and in their capacity as members of Westfall :
Township Volunteer Fire Department, Inc. :
101 Mountain Avenue   :
Westfall Township, Pennsylvania 18336  :
   :  No.
    Defendants  :
   :

**COMPLAINT**

AND NOW COME the Plaintiffs, Larry Berry, Sr. and Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, by and through their undersigned legal counsel, Robert M. Buttner, Esquire, Craig P. Kalinoski, Esquire and Robert Reno, Esquire, by way of Complaint against the above-named Defendants upon a cause or causes of action, does hereby aver and state as follows:

I.    **JURISDICTION AND VENUE**

1.    This action is instituted under the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments and under federal law, particularly the Civil Rights Act of 1871, hereinafter sometimes referred to as the "Act", as amended, 42 U.S.C. §§1983, 1985 and 1988.

2.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343(3), §1343(4) and §1367, regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3.    Venue in the Middle District is properly laid pursuant to 28 U.S.C. §1391(b), in so far as the following alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the claims of the Plaintiffs, arose within the geographical limits of this District, and because some of the Defendants reside in this judicial district.

4.    The incident which gives rise to these causes of action occurred within the jurisdiction of this Honorable Court and within two (2) years of filing of this complaint.

II.    **PARTIES**

5.      Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, are adult individuals who resides at 104 Laurel Acres Road, Milford, Pennsylvania 18337 and Mrs. Berry is the Administratrix of the Estate of Larry Berry, Jr. as appointed by the Pike County Register of Wills by Letters of Administration dated January 5, 2009.  Larry Berry, Sr. is the natural father of the Decedent, Larry Berry, Jr., and a beneficiary under his estate.

6.      Decedent is survived by Larry Berry, Sr. and Shirley Berry and this action is brought on behalf of his estate and the beneficiaries thereto, namely Larry Berry, Sr. and Shirley Berry and is filed seeking relief as set forth in the following paragraphs.

7.      Defendant Chad Stewart ( hereinafter referred as "Chief Stewart"), upon information and belief, is an adult sui juris individual who at all relevant times was and is Police Chief and serving in his capacity as a sworn officer in the Eastern Pike Regional Police Department, which has a business address of 10 Avenue I, Matamoras, Pennsylvania, and is entrusted with the power to enforce laws of this Commonwealth, and the Borough of Matamoras and Township of Westfall.  Defendant Chief Stewart is entrusted to protect and oversee in a supervisory capacity all police activities, to develop policy, implement policy, implement discipline for violations of policy and is also the ultimate authority and final policy maker within the Boroughs of Eastern Pike Regional Police Department for hiring and/or assignment of Personnel, and is entrusted to protect the Constitutional rights of those he and his police personnel encounter and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of the state or municipal public law or ordinance and supervised or controlled one or more of the Defendants herein in the conduct or actions, or acted independently or in concert with them in the performance of their conduct or actions.

4

8.     Defendant Eric Stewart ( hereinafter referred as "Asst. Chief Stewart"), upon information and belief, is an adult sui juris individual who at all relevant times was Police Chief and serving in his capacity as a sworn officer in the Eastern Pike Regional Police Department, which has a business address of 10 Avenue I, Matamoras, Pennsylvania, and is entrusted with the power to enforce laws of this Commonwealth, and the Borough of Matamoras and Township of Westfall.   Defendant Asst. Chief Stewart is entrusted to protect and oversee in a supervisory capacity all police activities, to develop policy, implement policy, implement discipline for violations of policy and also shares authority within the Boroughs of Eastern Pike Regional Police Department for hiring and/or assignment of Personnel, and is entrusted to protect the Constitutional rights of those he and his police personnel encounter including those of the Decedent and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of the state or municipal public law or ordinance and supervised or controlled one or more of the Defendants herein in the conduct or actions, or acted independently or in concert with them in the performance of their conduct or actions.

9.     Defendant Borough of Matamoras (hereinafter referred to as the "Matamoras Borough") is a governmental entity/political subdivision within the Commonwealth of Pennsylvania with a principal business address of 801 10 Avenue I, Matamoras, Pennsylvania, empowered to establish, regulate and control its Police Department for enforcement of laws within its jurisdiction and for the purpose of protecting and preserving the persons ,including those of the Decedent, and property within the geographical and legal jurisdiction of the Defendant Borough and is under a duty to run and maintain it's police department in a lawful manner so as to preserve the peace of the Borough and to

preserve to its citizens and those who visit the Borough the rights and privileges secured

to them by the Constitution of the United States of America and similar provisions of the

Constitution and Laws of the Commonwealth of Pennsylvania and at all times material to

this Complaint was the employer of Defendants Chief Stewart, Assistant Chief Stewart ,

Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and

Patrolman John Doe.

10.     Defendant Township of Westfall (hereinafter referred to as the "Westfall

Township") is a governmental entity within the Commonwealth of Pennsylvania with a

principal business address of 102 La Barr Lane, P.O. Box 247, Matamoras, Pennsylvania,

empowered to establish, regulate and control its Police Department for enforcement of laws

within its jurisdiction and for the purpose of protecting and preserving the persons, including

those of the Decedent,  and property within the geographical and legal jurisdiction of the

Defendant Township and is under a duty to run and maintain it's police department in a

lawful manner so as to preserve the peace of the Borough and to preserve to its citizens

and those who visit the Township the rights and privileges secured to them by the

Constitution of the United States of America and similar provisions of the Constitution and

Laws of the Commonwealth of Pennsylvania and at all times material to this Complaint was

the employer of Defendants Chief Stewart, Assistant Chief Stewart , Patrolman Kevin

Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe.

11.     Defendant, Eastern Pike Regional Police Commission, (Hereafter referred to

as "Defendant Commission") is a governmental entity within the Commonwealth of

Pennsylvania and formed In January of 2008, through the merge of the Matamoras

Borough Police Department and the Westfall Police Department, said commission is

comprised of two (2) members of the Matamoras Borough Council and two (2) members of the Westfall Township Board of Supervisors, with the final member from the surrounding community, as appointed by the other four members.

12.     Defendant Commission has its principal business address of 10 Avenue I, Matamoras, Pennsylvania, empowered to establish, regulate and control its Police Department for enforcement of laws within its jurisdiction and for the purpose of protecting and preserving the persons, including the Decedent, and property within the geographical and legal jurisdiction of the Matamoras Borough and Westfall Township and is under a duty to run and maintain it's police department in a lawful manner so as to preserve the peace of the Borough and Township and to preserve to its citizens and those who visit the Borough and Township the rights and privileges secured to them by the Constitution of the United States of America and similar provisions of the Constitution and Laws of the Commonwealth of Pennsylvania.

13.     Defendant Patrolman Kevin Nearing (hereinafter sometimes referred to as "Patrolman Nearing"), upon information and belief, is an adult sui juris individual who at all times relevant to this Complaint was serving in his capacity as a sworn officer in the Eastern Pike Regional Police Department which has a business address of 10 Avenue I, Matamoras, Pennsylvania and is entrusted with the power to enforce laws of this Commonwealth, and the Borough of Matamoras and Township of Westfall. Defendant Patrolman Nearing was entrusted to protect the Constitutional rights of those he encounters, including those of the Decedent, and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and was supervised or controlled by one or more of the other Defendants

7

herein, or acted independently or in concert with one or more of the other Defendants in the performance or conduct of his actions.

14.     Defendant Patrolman Salvatore Gattuso (hereinafter sometimes referred to as "Patrolman Gattuso"), upon information and belief, is an adult <u>sui juris</u> individual who at all times relevant to this Complaint was serving in his capacity as a sworn officer in the Eastern Pike Regional Police Department which has a business address of 10 Avenue I, Matamoras, Pennsylvania and is entrusted with the power to enforce laws of this Commonwealth, and the Borough of Matamoras and Township of Westfall. Defendant Patrolman Gattuso was entrusted to protect the Constitutional rights of those he encounters, including those of the Decedent, and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and was supervised or controlled by one or more of the other Defendants herein, or acted independently or in concert with one or more of the other Defendants in the performance or conduct of his actions.

15.     Defendant Sgt. David Zegarski (hereinafter sometimes referred to as "Sgt. Zegarski"), upon information and belief, is an adult <u>sui juris</u> individual who at all times relevant to this Complaint was serving in his capacity as a sworn officer in the Eastern Pike Regional Police Department which has a business address of 10 Avenue I, Matamoras, Pennsylvania and is entrusted with the power to enforce laws of this Commonwealth, and the Borough of Matamoras and Township of Westfall. Defendant Sgt. Zegarski was entrusted to protect the Constitutional rights of those he encounters, including those of the Decedent, and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and was

8

supervised or controlled by one or more of the other Defendants herein, or acted independently or in concert with one or more of the other Defendants in the performance or conduct of his actions.

16.     Defendant Officer John Doe I (hereinafter sometimes referred to as "Officer John Doe I"), whose identity is currently unknown but, upon information and belief, is an adult sui juris individual who at all times relevant to this Complaint was serving in his capacity as a sworn officer in the Eastern Pike Regional Police Department which has a business address of 10 Avenue I, Matamoras, Pennsylvania and is entrusted with the power to enforce laws of this Commonwealth, and the Borough of Matamoras and Township of Westfall. Defendant Officer John Doe I was entrusted to protect the Constitutional rights of those he encounters, including those of the Decedent, and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and was supervised or controlled by one or more of the other Defendants herein, or acted independently or in concert with one or more of the other Defendants in the performance or conduct of his actions.

17.     Defendant, Westfall Township Volunteer Fire Department, Inc., is believed to be a non-profit corporation in the Commonwealth of Pennsylvania with a business address of 101 Mountain Avenue, Westfall Township, Pennsylvania 18336.

18.     Defendant, Catherine Southard, is believed to be a competent adult individual and resident of the Commonwealth of Pennsylvania and, at all times material hereto, is and/or was acting as an agent, servant and/or employee, acting within the course and scope of her employment, of Defendant, Westfall Township Volunteer Fire Department, Inc.

19.     Defendant, Joseph Modera, is believed to be a competent adult individual and

9

resident of the Commonwealth of Pennsylvania and, at all times material hereto, is and/or was acting as an agent, servant and/or employee, acting within the course and scope of his employment,  of Defendant, Westfall Township Volunteer Fire Department, Inc.

20.    Defendant, William Koferl, is believed to be a competent adult individual and resident of the Commonwealth of Pennsylvania and, at all times material hereto, is and/or was acting as an agent, servant and/or employee, acting within the course and scope of his employment,  of Defendant, Westfall Township Volunteer Fire Department, Inc.

21.    Defendant, Kraig Meyer, is believed to be a competent adult individual and resident of the Commonwealth of Pennsylvania and, at all times material hereto, is and/or was acting as an agent, servant and/or employee, acting within the course and scope of his employment,  of Defendant, Westfall Township Volunteer Fire Department, Inc.

22.    Defendant, Howard Vobis, is believed to be a competent adult individual and resident of the Commonwealth of Pennsylvania and, at all times material hereto, is and/or was acting as an agent, servant and/or employee, acting within the course and scope of his employment, of Defendant, Westfall Township Volunteer Fire Department, Inc.

## III.    **FACTUAL ALLEGATIONS**

23.    On December 15, 2008, the Decedent, then 33 years of age, was lawfully at the residence of his parents, Larry Berry, Sr. and Shirley Berry.

24.    As Decedent had a history of diabetes, the same would cause him to sometimes experienced diabetic hallucinations and other actions related to low blood sugar related to diabetes.

25.    On the aforesaid date, in the evening, Decedent's parents summoned emergency services by calling 911 because of their son's hallucinations.

10

26.     Prior to December 15, 2008, Defendants Chief Stewart and Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski had contact with the Berry Family, including the Plaintiffs, collectively, and were aware of Decedent's medical condition and/or its affects upon him, including low blood sugar, hallucinations and the need for prompt medical assistance and monitoring.

27.     On a previous occasion, Defendant Officers responded, at the request of Shirley Berry, to the residence and transported the Decedent to a medical facility for treatment related to his diabetic condition and, at that time, informed Shirley Berry that if she were to call again for assistance, the Decedent would not be brought for medical treatment, but, rather would be taken into custody and arrested.

28.     As a result of Decedent's parents' call for assistance with the Decedent on December 15, 2008, it is believed that initially at least two (2) patrol cars from the Eastern Pike Regional Police Department and at least three (3) Defendant Officers from that same department arrived at the Berry residence, with one (1) Defendant Officer coming onto the porch and meeting Mrs. Berry at the front door of the residence, with one (1) Defendant Officer remaining at the base of the porch.

29.     While at the front door of the residence, Mrs. Berry apprized the Defendant Officer of the situation and circumstances involving the Decedent, including that the Decedent had been hallucinating.

30.     Mrs. Berry, having recognized this Defendant Officer, informed him that the situation was similar to a situation that had occurred approximately six (6) months prior with this same Defendant Officer, who knew the history and was familiar with Decedent and his condition.

11

31.     At the same time, and having been apprized of the circumstances and having seen the Decedent, the Defendant Officer, at the door, advised Mrs. Berry that the Decedent would not be arrested and further advised the Decedent that he should go have a cigarette on the front porch.

32.     At that time, the Decedent, though it was winter and approximately 0 degrees Fahrenheit outside, was wearing a T-shirt, shorts and sandals and did not possess a weapon of any sort on his person.

33.     Decedent approached the front door and indicated to both the Defendant Officer and Mrs. Berry, that he was going onto the front porch and would have a cigarette.

34.     Decedent was allowed to pass the Defendant Officer through the door and exit onto the front porch where he then proceeded to the side/front porch, at which time, a second Defendant Officer was moving toward the same direction as the Decedent.

35.     Immediately thereafter, the Defendant Officer advised Mrs. Berry to remain in the house and closed the door.

36.     Immediately prior to his arrest, the Decedent was a diabetic generally in good health, uninjured, and was suffering from no serious life-threatening health conditions.

37.     At the time of his contact with these Defendant Officers, the Decedent was not a threat to the Defendant Officers or a danger to others.

38.     At no time did the Decedent demonstrate behavior that would justify the Defendant Officers use of force and/or restraint of any nature and certainly exhibited no behaviors to justify the use of excessive force and/or restraint.

39.     At no time did the Decedent demonstrate behavior that would justify the use of excessive and/or lethal force and/or restraint.

40.     It is believed and, therefore, averred that while the Decedent was being confronted by the Defendant Officers and was then taken into their control and/or custody , the Defendant Officers intentionally and with malice aforethought and reckless indifference to the rights and safety of the Decedent and his medical condition/emergency, used a taser and/or mace or pepper spray or otherwise subjected Decedent to unreasonable and unnecessary force and trauma and further caused Decedent  to be thrown or threw Decedent to the ground, handcuffed Decedent from behind and, then, otherwise injured Decedent which caused or otherwise directly contributed to his death.

41.     During the course of the altercation, the Defendant Officers seized and restrained the Decedent in such a manner that he was helpless and unable to guard or protect himself, summon medical help or alert others of his emergency medical situation.

42.     At all times material hereto, the Defendant Officers knew the Decedent suffered from a physical or medical condition involving diabetes and hallucinations caused from a drop in blood sugar as well as possible reaction to other substances, and/or other conditions that would lead to neurological and/or pulmonary compromise from the application of excessive force and/or restraint against the Decedent.

43.     At all times material hereto, the Defendant Officers knew or should have known that the Decedent suffered from a physical or medical condition involving the aforesaid conditions that the application of excessive or extreme force and/or restraint against the Decedent would be lethal.

44.     In spite of the actual and/or constructive knowledge, suspicion and open expression of concern of the use of excessive or extreme force and/or restraint under the circumstances, the Defendant Officers engaged in such use of force and/or restraint

13

interrupting the cardiopulmonary function, stopping the heart and causing cardiac arrest and the death of the Decedent.

45.     Within minutes, Mrs. Berry exited her residence to discover the Decedent lying on his side, handcuffed from behind, in the driveway of the residence and not moving, with at least three (3) Defendant Officers standing to the side.

46.     Upon discovering her son lying in the driveway and observation of his condition, Mrs. Berry informed the Defendant Officers that the Decedent was not breathing and again informed the Defendant Officers that the Decedent was a diabetic and requested that the Defendant Officers check his pulse, however, the Defendant Officers ignored her plea and, instead, ordered her to leave the area.

47.     Immediately thereafter, Mr. Berry approached his son and again advised the Defendant Officers that the Decedent was not breathing, to which he received only a single response from the Defendant Officers who disagreed, without confirmation, and said that the Decedent was breathing.

48.     After Mrs. Berry implored the Defendant Officers that the Decedent appeared dead, to discontinue the restraint and to summon or call for medical assistance because the Decedent was not breathing, one of the Defendant Officers patronizingly said Decedent was breathing because he observed steam coming from the Decedent''s mouth and then claimed that the Decedent was faking it and holding his breath.

49.     After a lengthy period of time elapsing with Mrs. Berry imploring the Defendant Officers that the Decedent was not breathing, and while being exposed to temperatures at around 0 degrees Fahrenheit, after Mr. Berry again made the same request that medical assistance be summoned and/or provided, one Defendant Officer

14

unhandcuffed the Decedent, rolled him over to his back, recuffed him and again indicated, contrary to Mr. Berry's observations and without confirmation, that the Decedent had a pulse and was still breathing because steam was rising from his mouth.

50.     It is believed and, therefore, averred that, at all times material and relevant hereto, the Decedent remained in handcuffs and Defendant Officers refrained from supplying and/or providing any medical assistance to Decedent.

51.     It is further believed and, therefore, averred that when Defendant Officers finally called for medical assistance and/or an ambulance, Defendant Officers reported that the need for medical assistance was because of an "eye injury".

52.     At all times material hereto, after utilizing force and/or restraint on the Decedent the Defendant Officers knew or should have known of the need for prompt emergency medical treatment and failed to properly monitor, care for, address, provide, attend to or summons, in a timely and prompt manner, assistance for the serious medical emergency which had arisen.

53.     Thereafter, Assistant Chief Stewart directed and accompanied the Berrys into the residence and engaged in an interrogation of them and entered the basement so that the other Defendant Officers present could conduct a non-consensual search of the residence.

54.     It is believed and, therefore, averred that, subsequently, Defendant Westfall Volunteer Fire Department and/or Regional EMS were summoned and/or dispatched for medical assistance and care to the Berry residence.

55.     Regional EMS arrived to find the Defendant Westfall Township Volunteer Fire Department EMT's performing or already undertaking CPR procedures upon the Decedent

15

and, upon examination, noted that the Decedent had no respiratory function, pulse or blood pressure.

56.     It is believed and, therefore, averred that Defendant Westfall Township Fire Department transported the Decedent to the emergency room at Bon Secours Community Hospital almost one (1) hour after being dispatched by the 911 communication center.

57.     In spite of the paramedical response, Decedent was pronounced dead at approximately 9:53 p.m. at the Bon Secours Community Hospital.

58.     The aforesaid Defendant Officers participated in the events prior to, during and after the arrest and death of the Decedent.

59.     At all relevant times, Defendant Officers were working in cooperation and were of assistance to one another.

60.     It is believed and, therefore, averred that the Defendant Officers conspired with one another to cover up their actions which directly contributed to the death of the Decedent.

61.     As a direct and proximate result of the Defendant Officers' conduct, Decedent suffered the following injuries:

   a.     abrasions and contusions to the head, with abrasions to the forehead, cheek, chin and occipital region of the scalp;

   b.     abrasions and contusions to the upper extremities, with abrasions to hands and elbows;

   c.     abrasions and contusions to the lower extremities, with extensive abrasions to the knees, feet and toes;

   d.     Hemorrhaging in the muscles of the posterior aspect of the right shoulder, upper back region and buttocks;

   e.     fractures to the second and third left ribs, anterior aspect;

16

f.      cessation of cardiac and respiratory activity; and

g.      death.

62.     As a direct approximate result of the aforementioned incident, the Decedent

suffered the following damages:

a.      He was deprived of the rights, privileges and immunities secured to him by
        42 U.S.C. §1983 and by the Fourth, Eighth and/or Fourteenth Amendments
        to the United States Constitution, as well as the rights, privileges and
        immunities provided to the Decedent by the Pennsylvania Constitution. Such
        rights, privileges and immunities include the right to be free from
        unreasonable search and seizure, the right to be free from unreasonable
        force and/or unwarranted use of force and the right to due process of law;

b.      death;

c.      extreme pain, suffering and discomfort;

d.      extreme emotional upset; and

e.      he has been and will be forever be deprived of his general health, strengthen
        vitality and will never again be able to enjoy the pleasures of life he enjoyed
        as a result of his death.

**COUNT I**
**42 U.S.C. §1983**
**Larry Berry, Sr. and Shirley Berry, in her individual capacity and as Administratrix**
**of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart,**
**Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and**
**Patrolman John Doe Individually and their official capacity as a member of the**
**Eastern Pike Regional Police Department**

63.     Plaintiffs incorporate by reference each and every preceding paragraph of this

Complaint and their averments as if each were fully set forth herein.

64.     At all relevant times, Defendant Officers were acting under color of the

statutes, ordinances, regulations, customs and usages of Defendant Boroughs and

Townships and under the authority of their offices as police officers and/or Chiefs of Police.

65.     Defendants deprived Decedent of the rights, privileges and immunities secured to him by 42 U.S.C. § 1983 and by the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities provided to Decedent by the Pennsylvania Constitution. Such rights, privileges and immunities include the right to be free from unreasonable search and seizure, the right to be free from unreasonable force and/or restraint and/or unwarranted use of force and/or restraint and the right to due process of law.

66.     The acts and/or omissions of all the Defendants, collectively and individually in condoning, planning, conducting, and carrying out the excessive and extreme force and detention of the Decedent and the uncontrolled, unwarranted, and illegal "manhandling", verbal and mental abuse and lack of medical attention and care deprived said Decedent of his constitutional rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, in, inter alia, the following manners:

67.     Decedent's injuries, death and damages were a direct and proximate result of the Defendant Officers' conduct as follows:

a.      By unlawfully seizing and/or restraining the person of the Decedent when he failed to pose a threat to the Defendant Officers or others while lawfully on his parents' property;

b.      By improperly handling the Decedent during the course of Defendants' interactions with him;

c.      By unlawfully seizing and/or restraining the person of the Decedent under circumstances that did not justify that application of force;

d.      By unlawfully seizing and/or restraining the person of the Decedent when Defendant Officers knew or should have known that Decedent was demonstrating signs of diabetic hallucinations, reaction to other substances

18

or from a medical and physical condition that would render such force and/or restraint lethal;

e.     By using excessive and/or extreme force and/or restraint that was not justified by the Decedent's behavior;

f.     By failing to request intervention by experienced medical personnel on behalf of the Decedent;

g.     By failing to intervene when they knew, or should have known that other Defendant Officers were subjecting Decedent to unlawfully seizure and/or restraint;

h.     By deliberately ignoring requests of parents to end the restraint and obtain experienced medical intervention;

i.     By deliberately ignoring the overt manifestations of the physical condition exhibited by the Decedent;

j.     By deliberately and willfully placing Decedent under arrest without taking appropriate precautions to ensure his safety while in custody;

k.     By failing properly to observe the condition of Decedent while in custody;

l.     By deliberately delaying medical assessment or intervention by experienced medical personnel while the Decedent was in custody;

m.     By failing properly to monitor the Decedent appropriately while in custody and under the circumstances;

n.     By failing properly to monitor the Decedent appropriately while in custody and under the circumstances and properly and accurately report the condition of the Decedent and/or the need for emergency medical attention to 911 Communication Center or emergency services medical provider;

o.     By failing to provide a safe environment which would prevent Decedent from suffering further harm as a result of unlawful seizure and restraint;

p.     By failing to acquire or otherwise provide medical assistance for Decedent in a timely manner while he was in police custody.

68.     The Defendant Officers' application of unwarranted and excessive force and/or restraint upon Decedent, while in the custody of the Defendant Officers, caused his

injuries and death.

69.     Defendants' actions, in depriving Decedent of his constitutional rights, were intentional, recklessly indifferent, willful, wanton, malicious and outrageous.

70.     Plaintiffs also claims reasonable attorneys' fees and costs from Defendants as provided in 42 U.S.C. § 1988.

71.     As a direct and proximate result of the previously described outrageous, reckless, willful, wanton and/or intentional conduct of the Defendants, Plaintiffs seeks punitive damages on behalf of the persons, identified herein.

72.     Defendants' conduct was a deprivation, under color of state law, of rights guaranteed to the Decedent under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

73.     Defendants' acts and omissions are egregious and shock the conscience.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, xx Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT II**
**42 U.S.C.A. §1983: Detention and Confinement**
**Larry Berry, Sr. and Shirley Berry, in her individual capacity and as Administratrix**
**of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart,**

**Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

74.     Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

75.     As a result of their unlawful and malicious detention and/or confinement of the Decedent, the Defendant Officers deprived the Decedent of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C.A. §1983.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT III**
**42 U.S.C. §1983: Failure to Adequately Train and Supervise**
**Larry Berry, Sr. and Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Matamoras Borough, Westfall Township, Eastern Pike Regional Police Commission and the Eastern Pike Regional Police Department**

76.     Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

77.     Decedent's injuries and damages were a direct and proximate result of the Defendant Boroughs', Townships', Commissions' and Police Departments' conduct as follows:

a.      By failing properly to train individual police officers in safe methods of handling persons who have been taken into custody and/or arrested;

b.      By failing properly to train individual police officers in the use of proper restraint, as opposed to the arbitrary use of excessive force and/or restraint;

c.      By failing properly to train individual police officers with respect to arbitrary use of excessive force and/or restraint against persons placed under arrest or in custody by police;

d.      By failing properly to train individual police officers with respect to arbitrary use of excessive force and/or restraint against persons placed under arrest or in custody who are suffering from a medical or psychological condition or impairment;

e.      By failing to train police officers in the proper use of force and/or restraint on individuals suspected to be suffering from diabetic hallucinations;

f.      By failing to train police officers in the proper detection of diabetic symptoms, use of force and/or restraint on individuals suspected to be suffering from diabetes and its symptoms and side affects;

g.      Failing to train officers to recognize the emergency medical situations posed by diabetics and how to appropriately recognize, address, and monitor such individuals;

h.      By failing to train police officers in the proper use of force and/or restraint on subjects suspected to be under the influence of other substances;

i.      By failing to properly train police officers in the use of force, restraint and detention;

j.      By failing to properly train police officers not to use extreme or excessive force and/or restraint on a subject suspected to be under the influence of other substances;

k.      By failing to properly train police officers not to use extreme or excessive force and/or restraint on a subject suspected to be suffering from diabetes and its symptoms and side affects;

l.      By failing to properly train police officers not to use extreme or excessive force and/or restraint on a subject demonstrating signs of low blood sugar or other symptoms and side affects of diabetes;

m.      By failing to properly train police officers in the use of force on a subject demonstrating a physical or medical condition that may render the use of force and/or restraint lethal;

n.      By failing to train police officers in the proper use of non-lethal force and/or restraint;

o.      By failing properly to train police officers with respect to the monitoring of persons under the care and custody of the Defendant Borough, Township, Commission and Police Department;

p.      By failing properly to train police officers to intervene when they know or should know that other officers are inflicting excessive force and/or restraint on a person under arrest, in custody or restrained;

q.      By failing to properly train to recognize or to acknowledge that the Decedent may have been under the influence of another substance that may have rendered him more susceptible to severe and permanent injury and/or death;

r.      By failing to properly train to recognize or to acknowledge that the Decedent may have been experiencing the affects of a medical and/or psychological condition that may have rendered him more susceptible to severe and permanent injury and/or death;

s.      By failing to properly train police officers to intervene when they knew or should have known that the other officers were subjecting a person to force and/or restraint that would render that force and/or restraint lethal;

t.      By failing properly to train police officers to seek medical intervention for persons placed under arrest who are undergoing the infliction of excessive force and/or restraint;

u.      By failing properly to train police officers to seek medical intervention for persons placed under arrest who suffer from a medical and/or psychological condition that may have rendered them more susceptible to sever injury and death.

v.      By failing properly to supervise individual police officers so as to prevent the use of excessive and/or unreasonable force and/or restraint;

w.   By failing to properly train and/or supervise individual police officers so as to prevent the use of excessive and/or unreasonable force and/or restraint upon a person who is under the influence of other substances and/or suffering from a medical and/or psychological condition that may have rendered them more susceptible to sever and permanent injury and death;

x.   By failing properly to punish prior acts of individual officers who have inflicted excessive force and/or restraint on persons under arrest;

y.   By failing properly to train, supervise and/or discipline police officers to such an extent that the conduct of the individual police officers in this case was inevitable.

z.   in the development, implementation, and carrying out of policy, practice or procedure designed to allow the use of excessive force and/or restraint, unlawful searches and seizures, physical assaults on innocent citizens, and deprivation constitutional rights of citizens by unlawful arrest and detention;

aa.   in the development, implementation, and the carrying out of a policy which poses a threat to the law-abiding citizens of the Defendants Matamoras Borough and Westfall Township and those who visit the Matamoras Borough and Westfall Township by the negligent retention of personnel and the negligent assignment of certain personnel to high risk duties that would result in the likelihood of serious injury to innocent citizens or visitors to Matamoras Borough or Westfall Township through contact with police personnel;

bb.   in developing, implementing and carrying out police policy, practice, procedure or custom which made no reasonable efforts to comply with standards for arrest and detention and training that would have prevented the overreaction of Defendant Officers named herein and Eastern Pike Regional Police Department to the events of that evening;

cc.   in condoning and conduction and failing to restrain an unlawful and unjustified application of force and/or restraint in violation of the Constitutional rights of the Plaintiff;

dd.   in developing, implementing, and carrying out a policy, practice, procedure, or custom which amounted to cruel and unusual punishment and a deprivation of life and liberty actionable under 42 U.S.C. §1983;

ee.   in developing, implementing, and carrying out a policy, practice, procedure, or custom which made no reasonable or proper provision for the application of force and/or restraint for the preservation of personal safety of persons such as Plaintiff, when his personal safety was placed in jeopardy by the activities carried out by one or more of the Defendants;

ff.   in deliberately failing to train or continue the training of all the Defendants in the recognition of the proper use and techniques of force, arrest and detention and proper use of force and techniques of legal restraint;

gg.   The failure to identify and take remedial or disciplinary action against police officers who knowingly violated or permitted others in their presence to violate the rights of others;

hh.   in failing to properly train, supervise, monitor, and control the actions of all the Defendants, so that the proper prior policy, practice, procedure, or custom could be accomplished safely and without the use of excessive force and/or restraint or undue risk to persons situated similarly to the Plaintiff in that the Defendant's failed to follow training procedures and policy that would have prevented the assault conducted on the Plaintiff, allowing the Defendants and other third parties to overreact and lead to the injury of the Plaintiff;

ii.   in failing to properly develop, implement, and carry out a policy practice, procedure, or custom conforming to the Constitutional requirements to protect individuals, who should be free from subjection to unlawful searches and seizures, unlawful arrests and from excessive force and/or restraint used upon them by individuals either in their presence or acting under color of law;

jj.   in failing to oversee, monitor, control, or restrain the actions of the individual Defendants in carrying out such operations;

kk.   in failing to ensure proper training and utilization of proper equipment by the individual Defendants, and failing to recognize the likelihood of physical and psychological injury and the deprivation of the constitutional rights of innocent citizens such as Plaintiff that would be substantial;

ll.   in engaging in a conspiracy where, therefore, the Plaintiff was subject to deprivations, under color of law, of rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution;

mm.   in failing to properly sanction or discipline officers and officials aware of and/or who conceal and/or aid and abet violations of constitutional rights of citizens by other police officers or third parties in their presence, thereby causing and encouraging police, including those named herein, to violate the rights of citizens such as Plaintiffs.

nn.   In failing to provide training to officers to recognize when an individual is either having difficulty or ceased breathing;

25

oo.    In failing to recognize the signs and symptoms of diabetic related conditions including low blood sugar, hallucinations, diabetic shock and other symptoms and side effects of diabetes;

78.    The actions of the individual police officers resulted from and were taken pursuant to a policy, practice and/or custom of the Defendant Borough, Township, Commission and Police Departments, which policy, practice and/or custom is implemented by individual police officers.

79.    Defendant Borough, Township, Commission and Police Department have approved and condoned the procedures implemented and enforced by the individual police officers in this case and others.

80.    The Defendants' application of unwarranted and excessive force and/or restraint upon Decedent, while in the custody of the Defendants, caused his injuries and death.

81.    Defendants' conduct was a deprivation, under color of state law, of rights guaranteed to Plaintiff and/or the Decedent under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

82.    Defendants' acts and omissions are egregious and shock the conscience.

83.    Plaintiff also claims reasonable attorneys' fees and costs from Defendant Borough, Township, Commission and Police Department, as provided for in 42 U.S.C. § 1988.

84.    As a direct and proximate result of the previously described outrageous, reckless, willful, wanton and/or intentional conduct of the Defendants, Plaintiff seeks punitive damages on behalf of the persons, identified herein.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and

in her capacity as Administratrix of the estate of the Decedent, demands judgment in their

favor and against the Defendants, jointly and severally, in an amount in excess of the dollar

limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United

States District Court for the Middle District of Pennsylvania, for all compensatory and

punitive damages allowable under this cause of action, plus counsel fees and costs

pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem

appropriate.

**COUNT IV**
**42 U.S.C. §1983: Refusing or Neglecting to Prevent**
**Larry Berry, Sr. and Shirley Berry, in her individual capacity and as Administratrix**
**of the Estate of Larry Berry, Jr., Deceased, vs. All Defendants**

85.     Plaintiffs incorporate by reference each and every preceding paragraph of this

Complaint and their averments as if each were fully set forth herein.

86.     At all times relevant to this Complaint, Defendants and Defendant Officers

were acting under the direction and control of Defendant Chief Stewart and Assistant Chief

Stewart and the Eastern Pike Police Department and Eastern Pike Regional Police

Commission.

87.     Acting under color of law and pursuant to official policy or custom, Defendant

Chief Stewart and Assistant Chief Stewart and the Eastern Pike Police Department and

Eastern Pike Regional Police Commission knowingly, recklessly, or with gross negligence

failed to instruct, supervise, control, and discipline on a continuing basis Defendant Officers

in their duties to refrain from:

a.     unlawfully and maliciously assaulting, injuring, detaining, and confining a

citizen who was acting in accordance with his constitutional and statutory

27

rights, privileges, and immunities,

b.      conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

c.      otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

88.     Defendant Chief Stewart and Assistant Chief Stewart and the Eastern Pike Police Department and Eastern Pike Regional Police Commission had knowledge or, had they diligently exercised those duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant Chief Stewart and Assistant Chief Stewart and the Eastern Pike Police Department and Eastern Pike Regional Police Commission had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

89.     Defendant Chief Stewart and Assistant Chief Stewart and the Eastern Pike Police Department and Eastern Pike Regional Police Commission directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Officers heretofore described.

90.     As a direct and proximate cause of the negligent and intentional acts of Defendant Chief Stewart and Assistant Chief Stewart and the Eastern Pike Police Department and Eastern Pike Regional Police Commission, as set forth above, the Decedent suffered physical injury, severe mental anguish and death in connection with the

deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT V**
**42 U.S.C.A. §1983: Illegal Search and Seizure**
**Larry Berry, Sr. and Shirley Berry, in their individual capacity, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

91.     Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

92.     Defendant Officers seized the Plaintiffs and searched their residence without probable cause or legal justification.

93.     Defendants deprived the Plaintiffs of the rights, privileges and immunities secured to him by 42 U.S.C. § 1983 and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities provided to the Plaintiffs by the Pennsylvania Constitution. Such rights,

privileges and immunities include the right to be free from unreasonable search and seizure and the right to due process of law.

94.     The acts and/or omissions of all the Defendants deprived the Plaintiffs of their constitutional rights as guaranteed by the First, Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

95.     As a result of Defendants' violations of Plaintiffs' Constitutional rights, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs, individually, demand judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT VI**
**42 U.S.C. §1985**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

96.     Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

97.     Prior to their arrival at the Berry residence on December 15, 2008, the Defendant Officers knew that the Decedent had previously required medical attention because of or related to and involving his diabetic condition on at least one (1) earlier

occasion.

98.     Notwithstanding this knowledge, the Defendant Officers, without investigating the circumstances behind the need for their presence, arrived at the Berry residence, with the intention of teaching the Decedent and the Berry's a lesson, without consideration of the Decedent's physical and/or mental state.

99.     After the Defendant Officers illegally and/or improperly subdued the Decedent and he was transported from the residence, the Defendant Officers illegally entered the home of the Berry's to illegally search and seize items for the purpose of substantiating a basis to explain away their illegal conduct.

100.     The acts of all Defendants, acting in concert and conspiracy, constituted a violation of the Decedent's fourth and fourteenth Amendment rights under the United Stated Constitution pursuant to 42 Pa.C.S.A. §1983 and 1985

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT VII**
**42 U.S.C. §1986**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as**
**Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst.**

**Chief Stewart, the Eastern Pike Regional Police Department & the Eastern Pike Regional Police Commission**

101.   Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

102.   Prior to their arrival at the Berry residence on December 15, 2008, the Defendants, Chief Stewart, Assistant Chief Stewart and the Eastern Pike Regional Police Commission, knew or should have known of the prior arbitrary and/or capricious acts and/or threats of its officers.

103.   Notwithstanding this knowledge, the Defendants, Chief Stewart, Assistant Chief Stewart and the Eastern Pike Regional Police Commission, took no action to prevent the same from happening and had these Defendants intervened, the Decedent would still be alive today.

104.   The Defendants, Chief Stewart, Assistant Chief Stewart and the Eastern Pike Regional Police Commission, in their individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Decedent of the equal protections of the law of United States and Commonwealth of Pennsylvania, notwithstanding the fat that they possessed the authority, power and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred.   As a result, these Defendants are liable for the Decedent's death and the deprivations of his Constitutional rights that occurred.

105.   After the Defendant Officers illegally and/or improperly subdued the Decedent and he was transported from the residence, the Defendant Officers illegally entered the home of the Berry's to illegally search and seize items for the purpose of substantiating a

basis to explain away their illegal conduct.

106.    The acts of all Defendants, acting in concert and conspiracy, constituted a violation of the Decedent's fourth and fourteenth Amendment rights under the United Stated Constitution pursuant to 42 Pa.C.S.A. §1983 and 1985

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

## COUNT VIII
### Wrongful Death
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

107.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

108.    Decedent has left the following individuals to recover for his death under 42 Pa. C.S.A. § 8301: Plaintiff, Shirley Berry & Larry Berry, Sr., parents

109.    During his lifetime, Decedent did not commence any action for the injuries that caused his death and no other action has been filed to recover damages for the

wrongful death of Decedent.

110.   At all relevant times, Defendants conducted themselves in a careless and reckless manner and acted intentionally, with malice aforethought and with reckless indifference to the rights of Decedent generally and as set for above.

111.   As a direct and proximate result of Defendants' conduct, Plaintiff and the entitled persons have suffered the following damages:

a.   Medical expenses for services and supplies incidental to the treatment and subsequent death;

b.   Funeral and estate expenses necessitated by Decedent's death;

c.   Loss and denial of support, income, services, assistance, guidance, counseling and companionship of Decedent;

d.   Loss of society and comfort, friendship, guidance, love and affection of, from and with the Decedent;

e.   Expenses incurred in the administration of Decedent's Estate; and

f.   Other losses and damages recoverable under 42 Pa. C.S.A. § 8301 and/or 42 U.S.C.A. §1983.

112.   As a direct and proximate result of the previously described outrageous, reckless, willful, wanton and/or intentional conduct of the Defendants, Plaintiff seeks punitive damages on behalf of the persons, identified herein.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs

pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT IX**
**Survival**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

113.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

114.    During his lifetime, Decedent did not commence any action for the injuries that caused his death and no other action has been filed to recover damages for the wrongful death of Decedent.

115.    At all relevant times, Defendants conducted themselves in a careless and reckless manner and acted intentionally, with malice aforethought and with reckless indifference to the rights of Decedent generally and as set for above.

116.    This claim is brought on behalf of the Estate of the Decedent under and by virtue of the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302 and/or 42 U.S.C.A. §1983.

117.    Plaintiffs claim, on behalf of the Estate, the damages suffered by the said estate by reason of the death of the Decedent, including the economic value of the Decedent's life during the period of his life expectancy and additional sums in damages or reimbursement for medical bills, general costs, and other expenses incurred in connection therewith, as well as for the conscious pain and suffering the Decedent underwent prior to his death.

118.   Plaintiffs further claim additional damages representing the psychic value of the expectancy and enjoyment of the life of the Decedent, which was cut short by reason of his death.

119.   As a direct and proximate result of the previously described outrageous, reckless, willful, wanton and/or intentional conduct of the Defendants, Plaintiff seeks punitive damages on behalf of the persons who have survived him and who have been identified herein.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

### Count X
### Assault
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

120.   Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

121.   The acts and conduct of Defendants fall under the laws of the Commonwealth

of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

122.   Defendant Officers unlawfully seized, restrained and/or detained Decedent without probable cause or legal justification.

123.   The Defendants assaulted Decedent by unlawfully pursuing, seizing and/or placing the Decedent in restraints without justifications, and detaining and restraining the Decedent, causing bodily injury and/or death to said Decedent, while the Decedent was an innocent person, or did not precipitate the said attack by condoning, accepting, tolerating, or encouraging such illegal actions and misconduct by Defendant police officers.

124.   Defendants, individually and acting in concert with each other, intended to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with his body.

125.   As a result of Defendants' actions, Decedent was put in reasonable and immediate apprehension of harmful and/or offensive contact.

126.   Defendants' actions were intentional.

127.   The aforementioned Defendants engaged in the previously-described unlawful conduct, which would shock the conscious of a reasonable person and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

128.   As a direct and proximate result of the aforesaid actions and/or omissions of all of the Defendants in developing, implementing, and carrying out the aforesaid assault and battery, the Decedent has suffered injuries, damages and/or losses including, but not limited by specification to the aforesaid in the above paragraphs.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

## COUNT XI
### Battery
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

129.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

130.    At all times relevant hereto, Defendant Officers were acting under color of law and experience and in cooperation with each other.

131.    On the aforementioned date, Defendants acted individually and/or jointly and severally with intent to cause harmful and/or offensive contact with Decedent proximately causing considerable pain and death.

132.    As a direct and proximate result of the previously described outrageous, reckless, willful, wanton and/or intentional conduct of the Defendant Officers, Plaintiff seeks punitive damages, as well as compensatory damages, on behalf of the persons, identified

herein.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT XII**
**Negligence**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

133.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

134.    At all times relevant hereto, Defendant Officers were acting under color of law and experience and in cooperation with each other.

135.    Defendants, and their agents, employees and servants, acted in a negligent and careless manner, as described above and herein, which constitutes a breach of the standard of care due and owing to the Decedent.

136.    As a direct and proximate result of the Defendants' negligence and carelessness, the negligent procedures employed by Defendants, the Defendants created

and/or increased the risk of harm to Decedent, increased the risk of the Decedent's death, and caused injury, pain and suffering, anguish, financial loss to the Plaintiffs and, ultimately, the Decedent's death.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT XIII**
**Intentional Infliction of Emotional Distress**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, and Larry Berry, Sr. vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

137.   Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

138.   As a direct and proximate result of the extreme, outrageous, and reckless conduct of the Defendants, in the scope of their employment, or independently, or acting by and through their agents, servant, employees, assigns or representatives, Plaintiffs have suffered and continues to suffer from severe emotional distress, mental anguish, bodily harm, psychological trauma, shame, humiliation, fright, honor, grief, anger, disappointment,

worry, and psychic pain and suffering, and has instilled in their mind an immediate and permanent sense of fear and trepidation, and the conduct, acts, and omissions surpass all bounds of decency universally recognized in a civilized society.

139.   As a direct and proximate result of the extreme, outrageous, and reckless conduct of the Defendants, in the scope of their employment, or independently, or acting by and through their agents, servant, employees, assigns or representatives, the Plaintiffs have been harmed financially, including incurring medical expenses, and loss of future earning capacity.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

### COUNT XIV
### Negligent Infliction of Emotional Distress
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, and Larry Berry, Sr. vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

140.   Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

41

141.   As a direct and proximate result of the negligent acts and omissions of the Defendants, in the scope of their employment, or independently, or acting by and through their agents, servant, employees, assigns or representatives, Plaintiffs have suffered and continues to suffer from severe emotional distress, mental anguish, bodily harm, psychological trauma, shame, humiliation, fright, horror, grief, anger, disappointment, worry, and psychic pain and suffering, and has instilled in their mind an immediate and permanent sense of fear and trepidation, and the conduct, acts, and omissions surpass all bounds of decency universally recognized in a civilized society.

142.   As a direct and proximate result of the negligent acts and omissions conduct of the Defendants, in the scope of their employment, or independently, or acting by and through their agents, servant, employees, assigns or representatives, Plaintiffs have been harmed financially, including incurring medical expenses, and loss of future earning capacity.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. §1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT XV**
**False Arrest**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as**

42

**Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

143. Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

144. The acts and conduct of Defendants fall under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

145. The Defendants forcibly held down and detained the Decedent and had no probable cause to believe the Decedent had committed any crime and had no Order of Court or legal right to use physical force to detain, restrain the Decedent.

146. The aforesaid extreme and outrageous conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Decedent and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions surpass all bounds of decency universally recognized in civilized society.

147. The Defendants actions were reckless, wanton, and outrageous.

148. As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants which constitutes extremely outrageous conduct, said Decedent has suffered the following:

    a.     emotional and psychological distress and trauma;
    b.     mental anguish;

c.      psychic pain and suffering;
d.      severe fright, horror and grief;
e.      abrasions and contusions to the head, with abrasions to the forehead, cheek, chin and occipital region of the scalp;
f.      abrasions and contusions to the upper extremities, with abrasions to hands and elbows;
g.      abrasions and contusions to the lower extremities, with extensive abrasions to the knees, feet and toes;
h.      Hemorrhaging in the muscles of the posterior aspect of the right shoulder, upper back region and buttocks;
i.      fractures to the second and third left ribs, anterior aspect;
j.      Immediate cessation of cardiac and respiratory activity; and
k.      death.
l.      justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions and/or omissions of one or more of the Defendants.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT XVI**
**False Imprisonment**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Chief Stewart, Asst. Chief Stewart, Patrolman Kevin Nearing, Patrolman Salvatore Gattuso, Sgt. David Zegarski and Patrolman John Doe Individually and their official capacity as a member of the Eastern Pike Regional Police Department**

149.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

44

150.    The acts and conduct of Defendants fall under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

151.    The Defendant's acting in the course of their employment, detained the Decedent by physically restraining him with handcuffs and placing him face down in a supine position on the ground rendering him without freedom to move or assist himself.

152.    The detention of Decedent was unlawful.

153.    Defendants acted recklessly, wantonly, and outrageously in restraining the Decedent in the manner described above.

154.    The aforesaid extreme and outrageous conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon Decedent and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions surpass all bounds of decency universally recognized in civilized society.

155.    As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants which constitutes extremely outrageous conduct, Decedent has suffered the following:

a.    emotional and psychological distress and trauma;
b.    mental anguish;
c.    psychic pain and suffering;
d.    severe fright, horror and grief;
e.    abrasions and contusions to the head, with abrasions to the forehead, cheek, chin and occipital region of the scalp;
f.    abrasions and contusions to the upper extremities, with abrasions to hands and elbows;
g.    abrasions and contusions to the lower extremities, with extensive abrasions

45

to the knees, feet and toes;

h.    Hemorrhaging in the muscles of the posterior aspect of the right shoulder, upper back region and buttocks;

i.    fractures to the second and third left ribs, anterior aspect;

j.    Immediate cessation of cardiac and respiratory activity; and

k.    death.

l.    justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions and/or omissions of one or more of the Defendants.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

### COUNT XVII
### Civil Conspiracy
### Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, v. All Defendants

156.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

157.    Defendants acting in concert and conspiracy committed acts against the Decedent including assault, battery, false arrest, false imprisonment and unlawful seizure.

158.    The actions of the Defendants were undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and the reckless disregard of the truth.

159.    As a result of all Defendants' conduct, acting in concert and conspiracy, the Decedent suffered physical injuries, pain and suffering, emotional distress, mental anguish, death and/or related financial losses.

160.    The actions of all Defendants exceed the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

### COUNT XVIII
### Negligence
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Defendants Southard, Modera, Koferl, Meyer and Vobis of the Westfall Volunteer Fire Department, Inc**

161.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

162.    It is believed and, therefore, averred that the Defendants Southard, Modera, Koferl, Meyer and Vobis of the Westfall Township Volunteer Fire Department, failed to timely and reasonably respond to the Berry residence to timely and reasonably transport

47

the Decedent to an emergency medical facility.

163.   It is believed and, therefore, averred that the Defendants Southard, Modera, Koferl, Meyer and Vobis engaged in a course of conduct which resulted in their failure to transport Decedent in a timely and reasonable manner to an emergency medical facility for the receipt of emergency medical care.

164.   Defendants Southard, Modera, Koferl, Meyer and Vobis engaged in a course of conduct, as described above and herein, which constitutes a breach of the standard of care due and owing to the Decedent.

165.   As a direct and proximate result of the Defendants' negligence and carelessness, the negligent procedures employed by Defendants, the Defendants created and/or increased the risk of harm to Decedent, increased the risk of the Decedent's death, and caused injury, pain and suffering, anguish, financial loss to the Plaintiffs and, ultimately, the Decedent's death.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

**COUNT XIX**
**Negligence - Vicarious Liability**
**Larry Berry, Sr. and  Shirley Berry, in her individual capacity and as**

**Administratrix of the Estate of Larry Berry, Jr., Deceased, vs. Defendant Westfall Volunteer Fire Department, Inc**

166.    Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint and their averments as if each were fully set forth herein.

167.    At all times material hereto, Defendants Southard, Modera, Koferl, Meyer and Vobis were agents, servants, workmen and/or employees of Defendant, Westfall Volunteer Fire Department, Inc., and were acting in the course and scope of their employment at all times material hereto.

168.    Defendant, Westfall Township Volunteer Fire Department, is responsible as the employer of Defendants Southard, Modera, Koferl, Meyer and Vobis for the decisions and actions rendered by them in the course and scope of their employment duties.

169.    Defendant Westfall Township Volunteer Fire Department, and their agents, employees and servants, acted in a negligent and careless manner, as described above and herein, which constitutes a breach of the standard of care due and owing to the Decedent.

170.    Defendants, Westfall Township Volunteer Fire Department is vicariously liable for the negligent acts of the aforesaid Defendants, Southard, Modera, Koferl, Meyer and Vobis.

171.    As a direct and proximate result of the Defendants' negligence and carelessness, the negligent procedures employed by Defendants, the Defendants created and/or increased the risk of harm to Decedent, increased the risk of the Decedent's death, and caused injury, pain and suffering, anguish, financial loss to the Plaintiffs and, ultimately, the Decedent's death.

WHEREFORE, Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, Individually and in her capacity as Administratrix of the estate of the Decedent, demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of the dollar limit of One Hundred Fifty Thousand ($150,000.00) Dollar limit for Arbitration in the United States District Court for the Middle District of Pennsylvania, for all compensatory and punitive damages allowable under this cause of action, plus counsel fees and costs pursuant to 42 U.S.C. § 1988 and such other relief as this Honorable Court shall deem appropriate.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully request that this Court:

a.   Enter judgment on behalf of the Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, individually and in her capacity as the Administratrix of the Estate of the Decedent, with respect to all counts of the Complaint;

b.   Award Plaintiffs damages and compensation including compensatory damages for the pain and suffering of the Decedent for severe personal injuries sustained by his lost future earnings, and past present and future medical expenses together with interest and costs provided by law;

c.   Award Plaintiff, Larry Berry, Sr., and Plaintiff, Shirley Berry, individually and in her capacity as the Administratrix of the Estate of the Decedent, punitive and/or exemplary damages for the wanton, willful and reckless acts of Defendants, who demonstrated a complete disregard and reckless indifference for the safety and welfare of the Decedent, in an amount to punish Defendants and deter future similar conduct;

d.   Issue a preliminary injunction and temporary restraining order and, thereafter, permanently enjoin the Defendants, their officers, representatives, agents, assistants, directors, successors, employees, and any person or persons acting in concert with them from continuing to engage in the development and implementation of policies, procedures, plans, customs and the like that result in the deprivation of the civil and/or constitutional rights of person or persons confronted and/or detained by members of their respective departments;

e.    Award Plaintiff the costs of these proceedings including attorneys fees as permitted under federal statute as pleaded in this complaint;

f.    Award such other and further relief as this Court deems just and proper.

Respectfully submitted,
CRAIG P. KALINOSKI, ESQUIRE,
ROBERT M. BUTTNER, ESQUIRE &
ROBERT RENO, ESQUIRE

BY: /s/ Robert M. Buttner

Date:    December 14, 2010          Robert M. Buttner, Esquire
I.D.# PA63368
Scranton Bank Building, 7th Floor
108 N. Washington Avenue
Scranton, Pennsylvania 18503
Tele: 570.341.5190
r.buttner.esq@verizon.net

AND

BY: /s/ Craig P. Kalinoski

Date:    December 14, 2010          Craig P. Kalinoski, Esquire
I.D.# PA90972
Scranton Bank Building, Suite 1202
108 N. Washington Avenue
Scranton, Pennsylvania 18503
Tele: 570.207.4000
kalinoskilaw@aol.com

BY: /s/ Robert Reno

Date:    December 14, 2010          Robert Reno, Esquire
322 Broad Street
Milford, Pennsylvania 18337
Tele: 570.296.7992
rrenoesq@ptd.net

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES